UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELVINA FRAZIER JR.,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS GEORGE, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-00277-JAD-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>RE:  ECF No. 1-1 |

I.   *IN FORMA PAUPERIS*

On February 14, 2022 Plaintiff, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), filed an application to proceed *in forma* pauperis together with a civil rights complaint under 42 U.S.C. § 1983.  ECF Nos. 1, 1-1.  Plaintiff's application to proceed *in forma pauperis* is incomplete.  <u>Plaintiff has not submitted an inmate account statement for the previous six-month period</u>.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to commence a civil action in this Court may apply to proceed *in forma pauperis*, which allows the inmate to file the civil action without prepaying the $402 filing fee.  To apply for *in forma pauperis* status, the inmate must submit <u>all three</u> of the following documents to the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

If Plaintiff has not been at the facility a six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

1

## II. SCREENING PLAINTIFF'S COMPLAINT

The Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) despite the failure to file a compliant *in forma pauperis* application because in order for this matter to proceed Plaintiff must amend his Complaint.

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's Complaint fails as illegible. It is impossible for the Court to reasonably decipher what it is Plaintiff seeks as the result of what claims as the Complaint is apparently smudged, which obscures the handwriting. ECF No. 1-1 at 2-5. Because the Complaint is illegible, the Court cannot properly assess the merits of the Complaint.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice. Plaintiff **must** file a complete application to proceed *in forma pauperis* that includes:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

Plaintiff's complete *in forma pauperis* application **must** be filed no later than **March 18, 2022**.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file a complete *in forma pauperis* application by **March 18, 2022**, Plaintiff shall instead pay the $402 filing fee for a civil action (which includes the $350 filing fee and the $52 administrative fee).

IT IS FURTHER ORDERED that if Plaintiff does not file a complete application to proceed *in forma pauperis* with all three documents or pay the $402 filing fee for a civil action on or before **March 18, 2022**, the Court will recommend dismissal without prejudice for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the the $402 filing fee.

### IV. RECCOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be given until **March 18, 2022** to file a legible amended complaint.

IT IS FURTHER RECOMMENDED that the Clerk of Court send Plaintiff the instructions for filing a Section 1983 Complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the word "Amended" above the words "Civil Rights Complaint" in the caption.  Plaintiff is advised that if he files an amended complaint that complaint must include all of the facts and all claims for relief Plaintiff seeks to assert in a form that complies with the instructions provided.  Upon filing an amended complaint, Plaintiff's original complaint no longer plays any role in this case.  Plaintiff must print clearly and legibly so that the Court may decipher the contents of his amended complaint.

Dated this 16th day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).